## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BENITA NELSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-02694-B (BT) |
| | § | |
| MEDTHODIST DALLAS MEDICAL | § | |
| CENTER, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this civil action to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the complaint should be dismissed for lack of subject matter jurisdiction.

### I.

Plaintiff is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Defendant is Methodist Dallas Medical Center. The Court has not issued process pending judicial screening.

Plaintiff alleges that on November 27, 2017, she slipped and fell at Defendant's hospital due to water on the floor. She states she was told someone would contact her about the fall, but no one has contacted her. She claims Defendant was negligent and seeks money damages.

## II.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

The Court must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under the most liberal construction, however, Plaintiff has failed to allege facts supporting federal question or diversity jurisdiction. The complaint does not present a federal cause of action. Rather, Plaintiff asserts a possible state law claim of negligence against Defendant. Additionally, Plaintiff does not allege that the parties are citizens of different states. (*See* ECF No. 8 at 2.) She therefore has failed to establish diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (stating district court cannot exercise diversity jurisdiction if the

2

plaintiff shares the same state of citizenship as any one of the defendants). The complaint thus should be dismissed for lack of subject matter jurisdiction.

III.

The District Court should dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

Signed December 10, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

3